# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| Plaintiff | ) | | |
| v. | ) | Case No. | 1:06-CR-14 |
| | ) | | 1:06-CR-69 |
| SCHAKIA YATES | ) | | |
| | ) | | |
| Defendant. | ) | | |

## OPINION AND ORDER

Before the Court is a letter from the defendant, Shakia Yates ("Yates") requesting the appointment of counsel to assist her in filing a Motion for Reduction of Sentence in light of the Supreme Court's recent decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013). In that case, the Justices concluded that any fact that increases the mandatory minimum sentence for a crime must be submitted to a jury.

Yates is correct in her assertion that *Alleyne* establishes a new constitutional rule of law which could warrant a sentencing reduction.. However, any remedy available to Yates requires the new rule of constitutional law to be retroactively applied. Recently, in *Simpson v. United States*, ___ F.3d ___, 2013 WL 3455876 (7th Cir. July 10, 2013), the Seventh Circuit denied a petitioner's collateral attack on his conviction holding that *Alleyne* is not retroactive on collateral review:

> First, §2255(h)(2) applies only when the new rule has been "made retroactive to cases on collateral review by the Supreme Court". The declaration of retroactivity must come from the Justices. See *Dodd v. United States,* 545 U.S. 353 (2005); *Tyler v. Cain,* 533 U.S. 656 (2001). The Court resolved *Alleyne* on direct rather than collateral review. It did not declare that its new rule applies retroactively on collateral attack.
>
> *Alleyne* is an extension of *Apprendi v. New Jersey,* 530 U.S. 466 (2000). The Justices have decided that other rules based on *Apprendi* do not apply retroactively on

collateral review. See *Schriro v. Summerlin,* 542 U.S. 348 (2004). This implies that the Court will not declare Alleyne to be retroactive. See also *Curtis v. United States,* 294 F.3d 841 (7th Cir.2002) ( *Apprendi* itself is not retroactive). But the decision is the Supreme Court's, not ours, to make. Unless the Justices themselves decide that *Alleyne* applies retroactively on collateral review, we cannot authorize a successive collateral attack based on § 2255(h)(2) or the equivalent rule for state prisoners, 28 U.S.C. § 2244(b)(2)(A).

*Id.* at *1.

Here, given the Seventh Circuit's statement that *Alleyne* does not alter the landscape for defendants convicted and sentenced prior to that decision, appointing counsel for Yates is an exercise in futility since any motion for reduction of sentence is without merit. Accordingly, Yates's request for the appointment of counsel is DENIED.

Entered: This 21st day of October, 2013

                s/ William C. Lee
                United States District Court